UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON ELIZABETH HOMER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | No.  1:21-cv-01435-HBK<br><br>ORDER GRANTING AWARD AND PAYMENT OF ATTORNEYS FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT[1]<br><br>(Doc. No. 14) |

　　　　Pending before the court is the parties' stipulated motion for attorney fees, filed on July 26, 2022.  (Doc. No. 14).  The parties agree to an award of attorney's fees and expenses to Plaintiff's attorney, Denise Bourgeois Haley of the Law Firm of Lawrence D. Rohlfing, Inc., CPC, in the amount of $1,514.00[2] pursuant to the Equal Access to Justice Act ("EAJA"), 28

---

[1] Both parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C. §636(c)(1).  (Doc. No. 8).

[2] Albeit minor, the parties' stipulated motion appears to incorrectly calculate the amount of fees and expenses due counsel.  In particular, the motion states attorney fees "in the amount of One Thousand Five Hundred dollars ($1,500.00) and expenses in the amount of Fourteen dollars ($14.00)" are due but then calculates the "amount totals $1512.00 fees and expenses to counsel…"  (Doc. No. 14 at 1).  The Court

U.S.C. § 2412, and reimbursement to Plaintiff of $402.00 for filing fee costs in accordance with 28 U.S.C. § 1920. (*Id.*).

On June 3, 2022, this Court granted the parties' Stipulated Motion for Voluntary Remand and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings. (Doc. No. 11). Judgment was entered the same day. (Doc. No. 12). Plaintiff now requests an award of fees as the prevailing party. *See* 28 U.S.C. § 2412(a) & (d)(1)(A); Fed. R. Civ. P. 54(d)(1); *see* 28 U.S.C. § 1920; *cf. Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a party who wins a sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing party). The Commissioner does not oppose the requested relief. (Doc. No. 14).

The EAJA provides for an award of attorney fees to private litigants who both prevail in civil actions (other than tort) against the United States and timely file a petition for fees. 28 U.S.C. § 2412(d)(1)(A). Under the Act, a court shall award attorney fees to the prevailing party unless it finds the government's position was "substantially justified or that special circumstances make such an award unjust." *Id*. Here, the government did not show its position was substantially justified and the Court finds there are not special circumstances that would make an award unjust.

Plaintiff requests an award totaling $1916.00 in EAJA attorney fees and expenses ($1516.00) and reimbursement of filing costs ($402.00). (Doc. No. 14). The Court finds the total award of $1918.00 is appropriate. EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury Offset Program ("TOP"), as discussed in *Astrue v. Ratliff*, 532 U.S. 1192 (2010). If the Commissioner determines upon effectuation of this Order that Plaintiff's EAJA fees are not subject to any offset allowed under the TOP, the fees shall be delivered or otherwise transmitted to Plaintiff's counsel.

Accordingly, it is **ORDERED:**

1. The parties' stipulated motion for attorney fees and expenses (Doc. No. 14) is

---

awards $1514.00 in fees and expenses to counsel on the basis that $1512.00 was a scrivener error.

**GRANTED**.

2. The Commissioner is directed to pay to Plaintiff as the prevailing party EAJA fees, expenses, and reimbursement of filing costs in the amount of one thousand nine hundred and eighteen dollars ($1918.00). Unless the Department of Treasury determines that Plaintiff owes a federal debt, the government shall make payment of the fees to Plaintiff's counsel, Denise Bourgeois Haley of the Law Firm of Lawrence D. Rohlfing, Inc., in accordance with Plaintiff's assignment of fees and subject to the terms of the stipulated motion.

Dated:    August 8, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE